# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW KANE | * | |
| | * | |
| v. | * | Civil No. – JFM-08-1157 |
| | * | |
| BRIAN LEWIS, ET AL. | * | |

******

## MEMORANDUM

Defendants have filed a motion to alter or amend the judgment. The motion will be denied.

There is ample evidence to support the jury's verdict finding that defendants failed to properly announce their identity and purpose before entering the apartment in which Andrew Cornish (plaintiff's son) was killed. Defendant's unlawful entry into the apartment was in the still of the night, based upon suspected use of marijuana. Cornish was known to at least one of the defendants as a person who had cooperated with the police in the past. Prior to the entry, defendants had heavily armored themselves, obtained a battering ram, and dressed themselves up in S.W.A.T. gear. There was more than sufficient evidence from which a jury could conclude that defendants entered into Cornish's apartment immediately after knocking on the door and announcing their presence, not giving Cornish sufficient time to respond.[1]

One of the very purposes of the knock and announce rule is to protect occupants in the dwelling to be entered, as well as the police officers who are entering. This purpose is well established by applicable law, and defendants are charged with knowing it. Therefore, a police

---

[1] I hope it is not relevant, but I note that Cornish was black, and all of the defendants are white.

1

officer who enters a dwelling without giving the occupants of the dwelling sufficient time to respond to his knocking is not entitled to qualified immunity.

Most of the cases relied upon by defendants – namely, those declining to quantify the time that officers must wait before entering after having announced their presence – arise in the context of a motion to seize evidence obtained in the ensuing search. They do not involve killing of an occupant who is approaching the door in response to a knock.

The application of the principle that, unless a "no-knock" warrant has been issued, police officers executing a search warrant must knock and announce their presence to permit occupants a reasonable opportunity to respond before entering the premises may vary according to the circumstances. However, the principle itself – as well as its purposes to protect the safety of the officers and the occupants – could not be more clearly established. To afford defendants qualified immunity here would be to ignore the fundamental proposition that we live in a constitutional democracy where a police officer, as well as every other citizen, is responsible for his actions. He is not entitled to enter a dwelling without properly announcing his presence and purpose merely because he wears a badge.[2]

There was evidence that Cornish was carrying a sheathed knife when he was approaching the door. There was no finding to that effect, however, contrary to defendants' suggestion that Cornish's own conduct was the proximate cause of his death. At the most, in returning a verdict in favor of defendant Lewis on the excessive force claim, the jury found that plaintiff had failed to prove that Cornish was not carrying a knife when he was shot and that the knife had been planted under him after the shooting. In any event, the occupant of a dwelling might well

---

[2] Of course, as to plaintiff's state law claim, there is no qualified immunity at all.

reasonably carry a knife to his front door when there is commotion at the door occurring at 4:30 am.

Defendants contend that the jury's verdict in favor of defendant Lewis on the excessive force claim draws into question the verdict in favor of plaintiff against all of the defendants on the knock and announce claim. Nothing could be further from the truth. The jury may well have concluded that even if Lewis had acted appropriately when he shot Cornish (or at least was entitled to qualified immunity in connection with the shooting), the defendants created an unnecessary risk of harm to Cornish by their violation of the knock and announce rule. Indeed, as stated above, one of the very purposes of that doctrine is to afford protections to an occupant of a dwelling.[3] An immediate entry into a dwelling after a knock and announce does not serve that purpose.

Defendants also complain about the amount of the verdict. The award of damages, however, is a matter that falls clearly within the jury's province, and there is no reason for the court to disturb it. Defendants are correct, however, that on plaintiff's state law claim, the verdict against the City of Cambridge must be reduced to $200,000. *See* Md. Code Ann., Cts. & Jud. Proc. §5-403; *Prince George's County v. Longtin*, 419 Md. 450, 484, 19 A.3d 859, 879-80 (2011).

A separate order denying defendant's motion is being entered herewith.

Date: December 20, 2013  \_\_\_/s/_____
J. Frederick Motz
United States District Judge

---

[3] I note that defendants' argument might be stronger if the jury had returned a verdict against defendant Lewis on the excessive force claim. In that event, defendants could contend that it was not reasonably foreseeable that a police officer would use excessive force against an occupant.